

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXN
ATTORNEY GENERAL

Honorable John H. Winters, Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:

Opinion No. 0-7496
Re: Is a woman who was a native born
American citizen but who was
expatriated because of her mar-
riage to an alien and who comes
within the provisions of the
statutes of June 25, 1936, and
the amendatory act of July 2,
1940, eligible to apply for and
receive assistance before she
has taken the Oath of Allegiance?

In your letter of November 8, 1946, you stated that in the administration of old age assistance and aid to the needy blind your department has had the occasion to consider the citizenship status of many women who were born in the United States but whose citizenship had been affected by reason of their marriage to aliens during the period of time when the Federal Law provided that the marriage of a native born woman to an alien resulted in her expatriation. You further state that many of these people are applying to you for aid who come within the purview of the Repatriation Act of June 25, 1936, as amended on July 2, 1940, except for the fact that they have not taken the oath of allegiance as is provided therein. With these facts in mind, you have posed the captioned question of whether these women are eligible to apply and receive assistance before they have taken the oath of allegiance.

Before a woman is eligible to receive old age assistance or assistance to the needy blind, she must be a citizen of the United States. Article 695c Section 12 and Section 20, V.A.C.S. Your question therefore is whether a woman coming within the provisions of the above said Act of June 25, 1936, as amended July 2, 1940, is a citizen of the United States within our Pub-lic Welfare Act before she takes the oath of allegiance.

This Act reads as follows:

"That hereafter a woman, being a native-born citizen, who has or is believed to have

lost her United States Citizenship solely by rea-
son of her marriage prior to September 22, 1922,
to an alien, and whose marital status with such
alien has or shall have terminated, or who has
resided continuously in the United States since
the date of such marriage, shall be deemed to be
a citizen of the United States to the same extent
as though her marriage to said alien had taken
place on or after September 22, 1922:  Provided,
however, that no such woman shall have or claim
any rights as a citizen of the United States until
she shall have duly taken the oath of allegiance
as prescribed in section 4 of the Act approved June
29, 1906."

Although the cases upon the point involved herein are few, they are unfortunately in conflict.  The courts in the cases of In re Waston's Repatriation, 42 F. Supp. 163, and Petition of Davis, 53 F. Supp. 426, held that the woman re-gained citizenship on June 25, 1936, the effective date of the act, and that it was unnecessary for her to take the oath of allegiance except as tangible evidence of the existence of her rights of citizenship.  These cases are authority for the pro-position that every woman coming within the purview of the Act of June 25, 1936, on that day became a citizen of the United States, yet these courts said that such a woman "is not entitled to any rights or privileges as a citizen of the United States until she shall have taken an oath of allegiance to the United States."

The foregoing cases have been criticized and deemed weak by subsequent decisions.  In re Portner, 56 F. Supp. 103; Petition of Norbeck, 65 F. Supp. 748.  These cases have pointed out that the traditional function of an oath of allegiance in restoration of citizenship or the assumption of citizenship, is to mark the time when the assumption of duties as well as the rights and privileges of citizenship, takes place.

This department is of the opinion that these subsequent decisions coupled with the considerations set forth in the case of Shelly v. United States, 120 F. 2d 734, present the proper construction that should be placed on this Act.  We further be-lieve that even under the former decisions, a woman who has not taken the oath of allegiance could not receive assistance under our Welfare Act, for receiving such assistance is a right or privilege enjoyed only by a United States citizen; as heretofore shown, these former decisions recognize that although a woman automatically becomes a citizen on June 25, 1936, she is not entitled to the rights or privileges of a citizen until she has taken the oath of allegiance.

In view of the foregoing, we answer your question in the negative.

We call your attention to the fact that this Act of June 25, 1936, as amended July 2, 1940, was repealed by the Nationality Act of 1940, however the repeal did not terminate the nationality acquired under this Act of June 25, 1936. Under the Nationality Act of 1940, 8 U.S.C.A. Section 717 (b) (1), it is rather well established from the plain language of the act and the interpretation placed thereon that a woman coming within its provisions becomes a citizen from and after taking the oath of allegiance.

We trust that the foregoing satisfactorily answers your question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Robert O. Koch
Robert O. Koch
Assistant

ROK:ms:wc


APPROVED DEC 7, 1946
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS


Approved Opinion Committee By s/BWB Chairman